# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DORIAN TREVOR SYKES,

    Plaintiff,

v.                                                              Case No: 5:21-cv-479-WFJ-PRL

C. JOHNSON, JR.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff Dorian Trevor Sykes Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. 1) in which he alleges he was fired from his inmate work detail by his Counselor in retaliation for filing numerous administrative remedies. Sykes filed a motion to proceed *in forma pauperis* under 28 U.S.C § 1915. (Doc. 3).

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action *in forma pauperis* under certain circumstances:

> (g)     In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee

in full at the time the lawsuit is initiated. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. §1915(g). *See*, *e.g.*, *Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012).

The Court takes judicial notice of three federal actions previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) *Dorian Trevor Sykes v. Federal Bureau of Prisons, et al.*, 5:09-cv-389-WTH-GRJ (M.D. Fla.), (2) *Dorian Trevor Sykes v. Federal Bureau of Prisons, et al.*, 1:07-cv-01004-DDD (W.D. La.), and (3) *Dorian Trevor Sykes v. Gary M. Biniecki*, 2:20-cv-113330 (W.D. Mich.). Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's allegations of being fired from his inmate work detail is insufficient to show he is under imminent danger of serious physical injury. Plaintiff may initiate a new civil rights case by filing a civil rights complaint and paying the filing fee in full.

It is now **ORDERED** and **ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.
2. The Clerk of Court is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2021.

3

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Pro Se Plaintiff
Counsel of Record